BERNARD JOSEPH,
 Appellant

 vs No. 8232

ORLEANS ICE MFG. CO.

April 24th, 1922.

BERNARD JOSEPH,
 Appellant

 vs No. 8232

ORLEANS ICE MFG. CO.

 CHARLES F. CLAIBORNE, JUDGE.

 This is a damage suit resulting from a collision of
automobiles.

 Plaintiff was driving up Royal Street; defendant's truck
was being driven on Hospital Street in the direction of the woods;
when both reached the corner of Royal and Hospital Street, their
cars collided. The left front part of plaintiff's machine was in-
jured; defendant's truck was not damaged. As is usual in such
cases, both put the blame upon the other. It is our duty to de-
cide who was to blame. We have repeatedly decided similar cases.
In Boston Insurance Co. vs Moody No. 7891 we said:

 "A chauffeur who disregards the provisions of the traffic
 ordinance and thereby brings on a collision and damage
 upon the automobile he drives is guilty of negligence
 which debars the owner of the damaged automobile from
 recovering damages".

 In Frey Wholesale Grocery Co. vs Cocino No. 8191, we
repeated:

 "When two automobiles collide, the damage must be paid by
 the party who has been guilty of a violation of the traffic
 ordinance unless it is shown that the other party by proper
 care could have avoided the damage".

 In Fabacher vs Blum No. 8116, we said:

 "The driver of a vehicle upon the wrong side of a street
 assumes the risks of a collision with another vehicle un-

 413

less he can show that the party inflicting the injury could have avoided doing so by reasonable care".

Affirmed in Wilson vs Crescent Co. No. 8250.

In Schick vs Jenevein, 145 La. 334, the Supreme Court said:

"Where one is upon the wrong side of the traveled portion of a road, or has not conceded to the other party whom he has attempted to pass that portion of the highway to which he is entitled, and a collision occurs, the burden is upon him who so violates the rule to show that his act was not the proximate cause of the injury, or that there were justifiable circumstances which excuse his conduct. The law of the road requiring that a driver shall turn to the right when meeting another upon the public highway is not an inflexible one, but must be followed unless circumstances and common prudence dictate a different course. The plea of contributory negligence in an action for damages arising out of a collision of vehicles on a highway is a special defense in which the defendant carries the burden of establishing it by a preponderance of the evidence".

Traffic Ordinance No. 5181° 8 reads as follows:

"Right of Way. Vehicles traveling on the following streets have the right of way over vehicles approaching on intersecting streets, namely, St. Charles Street x x x and also all other streets with street car tracks".

Royal Street has a track in the centre upon which street cars run uptown.

"Vehicles approaching above streets and avenues from intersecting streets shall, before crossing or turning into same, come to a full stop".

"On all other streets and at intersections of above streets and avenues, all vehicles shall have right of way over vehicles approaching on intersecting streets from the left,

and shall give right of way to those approaching from the right".

In the case before us, by the substituting the concrete rule to the abstract proposition, we reach the conclusion that the automobile had the right of way over the truck approaching it from the left, and that the truck should have given the right of way to the automobile approaching it from the right.

We therefore find that the automobile had a double right of way: first, because it was running on a street car track, and second, because it was on the right of the truck. In the first case the truck should have come to a full stop, and in the second case, it should have slowed up or stopped, to allow the automobile to pass.

In defendant's answer he alleges :

"that when the truck reached the corner of Hospital and Royal Streets, defendant slowed up, and seeing that the road was clear, started slowly across the street; x x x that when its truck reached the corner of Royal and Hospital Streets, the driver of same blew the horn. x x That the automobile belonging to the plaintiff was approaching Hospital Street at a rate of speed in violation of the ordinances of the City of New Orleans, and that when he reached the corner he did not attempt to have his automobile under control".

There was judgment for defendant and plaintiff has appealed.

Of plaintiff's witnesses, Mrs. Dufour says that while standing on her gallery, on Hospital Street,

"very near the next corner" she saw the truck coming and saw when the truck struck the automobile, and it was 50 or 60 feet before the truck stopped; that the truck did not stop before, nor did it blow its horn .

Anthony Manteleone was standing on the uptown wood side

banquet corner of Royal and Hospital Streets; he saw the truck coming out Hospital Street,

"so fast that after it hit Mr. Joseph's car, it didn't stop until it got to the middle of the block; it neither stopped nor slowed up before going across Royal Street, nor did he hear any horn; the automobile slowed up and blew the horn when it reached Hospital Street."

The plaintiff swears that the chauffeur on the truck did not blow his horn - after the collision the truck continued to the middle of the block.

Banks was driving the truck for defendant on the day of the accident. He started from the corner of Chartres and Hospital and proceeded out Hospital. He says:

"When I got in the middle of the block, I stopped and was talking to a fellow upstairs. Then after I finished talking to him, what I had to tell him, I went on, and when I gets to Royal Street, I commenced blowing, and the fellow I was talking with says to me: Don't make so much noise, because he had company. I told him that was nothing and I kept on blowing my horn, and when I gets to Royal Street the boy that was standing on the right fender, he didn't see nothing, and I didn't see nothing, and I kept on blowing, and didn't get no answer, and I started on across the track, and when I gets across the track, a fellow hit me on the back wheel there".

Q. "What did you do when you got to that corner? Did you keep right on going or did you stop a while?

A. "I stopped".

He stopped the truck at a distance of 10 or 15 feet. The boy riding on the front fender was named Raymond Coleman; he does that all the time; he works there; he is an ice boy; he looked down Royal Street and did not see plaintiff's car; he went across

416

the street at a rate of 5 or 6 miles an hour; he has no chauffeur's license; he was not the driver for the truck; he was hired as a handy man; he does not know how many speeds there are to a truck; he was not working on the truck; he was riding to where he had to go to work; he drove that truck once before that day; he never drove any other truck; once he drove the truck for a week.

Raymond Coleman works for the defendant for the last five years; he was on the truck on the day of the accident; when the driver of the truck got near Royal and Hospital Streets,

"he stopped and blowed";

the hind wheel of the truck was hit by the automobile; he did not see the automobile on Royal Street; he did not look; he was seated on the right side of the fender; the truck stopped within 20 feet; that was the first time he stopped; he did not stop before that time; he stopped when the collision took place; he stopped about five feet.

Q. Before the accident happened, now, did you stop when you were coming out from Chartres Street towards Royal Street?

A. Yes, sir.

Q. Where did you stop first?

A. Stopped in the middle of the block.

Q. When you got near Royal Street, did the truck do anything?

A. Yes, sir, he took and blowed.

Q. What else did he do?

A. He come across.

It will then be seen that the driver, Banks, is the only witness who swears that he stopped on reaching Royal Street, and that, only in answer to a driect leading question. He is doubly interested, in protecting himself and in screening the defendant. Against his testimony, we have the declarations of two disinterested witnesses, strangers to the plaintiff, viz: Mrs. Dufour and

417

and Anthony Monteleone. We are bound under every rule of law to believe them. Carter vs N. O. Ry. & Lt. Co. No. 85363. All the circumstances surrounding the accident support them.

But even if defendant's truck did stop, it was the duty of the chauffeur to have looked down on Royal Street; if he had looked, he would have seen the plaintiff who could have been only a few feet from him; plaintiff was on the right of the truck, and under the ordiance, had the right of way; it was for the truck to avoid the automobile. The burden was upon defendant to show that his negligence was not the proximate cause of the accident, and in that we think he has failed.

The plaintiff has testified that he paid $150 for repairs; he is not entitled to more.

It is therefore ordered that the judgment herein be reversed and avoided, and that there now be judgment in favor of plaintiff Bernard Joseph and against the defendant the Orleans Ice Manufacturing Company for One Hundred and Fifty Dollars with five per cent per annum interest from September 13th, 1920 till paid and costs in both Courts.

Judgment reversed; judgment for plaintiff for $150 and interest.

April 24th, 1922.